NEWMAN W. BENSON, Respondent, v. CITIZENS NATIONAL BANK et al., Appellants.— Appeal from a judgment of the Supreme Court at Trial Term in Tioga County, granting a declaratory judgment in favor of plaintiff. On August 12, 1953, Brennan, a used car dealer in Sayre, Pennsylvania, went to Bath, New York and met one Wolcott to whom he gave his check for $4,525 drawn upon the defendant, the Citizens National Bank, Waverly, New York. Wolcott delivered a 1953 Cadillac coupe to Brennan and handed him the certificate of registration, having signed the statement of transfer without filling in the name of any transferee. On August 14th, Brennan handed the certificate of registration to plaintiff, who was a new and used car dealer in Towanda, Pennsylvania. Plaintiff testified that thereupon he gave Brennan money, the amount of which is not disclosed in the record. On August 17th, Brennan put his dealer's plates on the Cadillac and drove it to the defendant bank where he obtained a loan of $1,800 giving a chattel mortgage on the Cadillac as security. Having had previous financial dealings with Brennan, the defendant bank did not ask him to exhibit any evidence of title. Brennan deposited the $1,800 borrowed from the defendant bank and $3,000 in cash to his account to cover the check he had delivered to Wolcott. Brennan had the Cadillac in his possession and drove it occasionally until October 5th when he died. Immediately thereafter two events occurred. Plaintiff filled in his name over Wolcott's signature on the statement of transfer and registered the Cadillac in his own name and Brennan's brother delivered the Cadillac to defendant Walker. Claiming ownership of the Cadillac from the time of its purchase from Wolcott, plaintiff instituted this action for a judgment declaring the defendant bank's chattel mortgage void and directing defendant Walker to deliver the Cadillac to him. Upon the trial, plaintiff introduced testimony that at various times Brennan had said that plaintiff was the owner of the Cadillac. However, there is at least one other statement attributed to Brennan from which an inference could be drawn that plaintiff had loaned Brennan money to buy the Cadillac. No attempt was made to introduce any books and records of Brennan, and in other respects, the record is not well developed. Because in our opinion the plaintiff has not proven his ownership of

the Cadillac by a fair preponderance of the evidence, and in the interest of justice, the judgment should be reversed and a new trial granted. Upon the new trial, if it is established that plaintiff was the owner of the Cadillac, then the problem of estoppel should be examined. If, as claimed by plaintiff, Brennan was his salesman and all cars sold by Brennan belonged to plaintiff, should it develop that over a period of time plaintiff permitted Brennan to finance cars in his own name, to use his own dealer's plates upon the cars and to conduct the car business in his own name, plaintiff would then be estopped from denying the validity of the chattel mortgage executed by Brennan to defendant bank. The foregoing combination of circumstances is given only as an example and should not deter the Trial Judge from examining a different factual situation and determining whether an estoppel should be applied. The Trial Judge in re-examining all issues should feel free to reach the conclusions he regards as warranted. Judgment reversed on the law and facts, and new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.